1

JOHNSON & WEAVER, LLP
Brett M. Weaver (CA 204715)
brettw@johnsonandweaver.com
110 West "A" Street, Suite 750
San Diego, CA 92101
Telephone: (619) 230-0063
Facsimile: (619) 255-1856

2

3

4

5

*Attorney for Plaintiff Charles S. Hooker*

6

7

8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11

CHARLES S. HOOKER, Individually, and on
Behalf of All Others Similarly Situated,

12

                    Plaintiff,

13

            vs.

14

GREGORY A. HALMAYLI, doing business
as, VICTORS COCKTAIL LOUNGE, and
DOES 1-5, inclusive,

15

16

                    Defendants.

17

18

Civil Action No.:   **'12 CV 3018 DMS NLS**

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

19

20

21

22

23

24

25

26

27

28

Plaintiff Charles S. Hooker, individually, and on behalf of all others similarly situated ("Plaintiff"), alleges upon knowledge with respect to himself and upon information and belief based, in part, on the investigation of counsel, as follows:

## JURISDICTION

1.      This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1337 and 15 U.S.C. 1693m(g) because this action arises under the Electronic Fund Transfers Act, 15 U.S.C. § 1693 *et seq.*

2.      This Court also has supplemental jurisdiction over Plaintiff's state law claim under 23 U.S.C. § 1367.

3.      Venue in this judicial district is proper under 28 U.S.C. § 1391 in that this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## PARTIES

4.      Plaintiff is a natural person who resides in San Diego County, California.

5.      Defendant Gregory A. Halmayli, doing business as Victors Cocktail Lounge ("Victors").

6.      The true names and capacities of defendants sued herein as Does 1 through 5, inclusive, are presently not known to Plaintiff, who therefore sues these defendants by such fictitious names.  Plaintiff will seek to amend this Complaint under Federal Rule of Civil Procedure 15 and include the Doe defendants' true names and capacities when they are ascertained.  Each of the fictitiously named defendants is responsible in some manner for the conduct alleged herein and for the injuries suffered by Plaintiff and the proposed class as a result of defendants' wanton and illegal conduct.

7.      Victors, and Does 1 through 5, inclusive, are collectively referred to in this complaint as "Defendants."

8.      Defendants are "automated teller machine operators" as that term is defined by 12 C.F.R. § 205.16(a), which states, "automated teller machine operator means any person that

1 operates an automated teller machine at which a consumer initiates an electronic fund transfer or

2 a balance inquiry and that does not hold the account to or from which the transfer is made, or

3 about which an inquiry is made."

4                          **STATEMENT OF FACTS**

5          9.      Congress enacted the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693

6 *et. seq.*, to protect consumers' rights during the electronic transfer of bank funds.  Under the

7 EFTA, and its implementing regulations, 12 C.F.R. § 205 *et. seq.*, every Automated Teller

8 Machine ("ATM") that charges a fee must have a posted notice attached on or near the ATM **in**

9 **addition** to an onscreen notice of the fee to the customer.  Congress expressly intended that the

10 EFTA would be enforced, in part, through private class actions.  15 U.S.C. § 1693m(a).

11         10.     On or about November 19, 2012, Plaintiff used an ATM at Victors Cocktail

12 Lounge located at or around 4365 Convoy Street, San Diego, CA 92111 ("Victors ATM").

13 Plaintiff is informed and believes that Gregory A. Halmayli, doing business as Victors Cocktail

14 Lounge owns and/or operates the Victors ATM.

15         11.     There was no sticker attached to or near the Victors ATM notifying customers

16 that a fee would be charged upon completion of any transaction.

17         12.     Plaintiff was charged a $2.00 fee for a completed withdrawal.

18         13.     Plaintiff is informed and believes that hundreds, if not thousands, have used the

19 Victors ATM without being given notice of the charged fee.

20                          **CLASS ALLEGATIONS**

21         14.     Plaintiff brings this class action on behalf of himself and all other similarly

22 situated persons under Rule 23 of the Federal Rules of Civil Procedure.

23         15.     Plaintiff brings this class action on behalf of himself and all other persons who,

24 within one year of the filing of this complaint, were charged a fee for using the Victors ATM.

25         16.     Plaintiff is informed and believes, and thereon alleges, that there are, at minimum,

26 hundreds of members of the Class.

27

28

17. The exact size of the Class and the identities of the individual members thereof are ascertainable through Defendants' records. Defendants have exclusive control of this information.

18. Members of the Class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notices, first class mail, or combinations thereof, or by other methods suitable to this Class and deemed necessary and/or appropriate by this Court.

19. Defendants can generate data for its Victors ATM identifying each transaction in which a fee was charged. The data will include the date of the transaction, the amount of the fee and the personal account number ("PAN") for the consumer. The PAN includes a bank identification number ("BIN"). This information can be used to identify members of the Class.

20. The Class is sufficiently numerous to make bringing all parties before the Court impractical under Rule 23(a)(1) of the Federal Rules of Civil Procedure.

21. Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same unlawful conduct. Plaintiff and Class members seek recovery of statutory, not actual, damages.

22. Plaintiff and each member of the Class were illegally charged an ATM fee as a result of Defendants' failure to comply with the ATM fee notice requirements of the EFTA, thereby resulting in common questions of law and fact under Rule 23(a)(2) of the Federal Rules of Civil Procedure.

23. Plaintiff and each member of the Class received an inadequate notice regarding the imposition of an ATM fee by the Victors ATM.

24. The questions of law and fact common to the Class predominate over questions which may affect individual members, including:

      (a) Whether Defendants were at all relevant times during the class period automated teller machine operators which imposed a fee on consumers for providing host transfer services to those consumers;

(b)     Whether Defendants are the operators of the Victors ATM;

(c)     Whether Defendants complied, at all times during the class period, with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16; and

(d)     Whether Plaintiff and members of the Class are entitled to statutory damages, costs and attorney's fees for Defendants' acts and conduct.

25.     Plaintiff can and will adequately and vigorously represent and protect the interests of the members of the Class. Plaintiff has no interests antagonistic to the members of the Class. Plaintiff has retained counsel able, competent and qualified to prosecute this class action litigation as set forth in Rule 23(a)(4) of the Federal Rules of Civil Procedure.

26.     Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of the Class.

27.     In support of Plaintiff's allegations under Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Plaintiff avers that a class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages that may be awarded to the members of the Class are likely to be substantial, the damages suffered by the individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

CLASS ACTION COMPLAINT

## CLAIMS FOR RELIEF

**COUNT I**
**Against All Defendants for**
**Violation of 15 U.S.C. § 1693 *et seq.* and 12 C.F.R. 205 *et seq.***

28.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

29.     Plaintiff asserts this claim on behalf of himself and the Class against Defendants.

30.     Defendants failed to provide notices to the Plaintiff and the Class as required by 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c), and imposed a fee in violation of 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. §§ 205.16(b) and (e).

31.     15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e), prohibit the imposition and receipt of a fee for conducting an electronic fund transfer unless a notice of the fee is posted in a prominent and conspicuous location on or at the ATM.

32.     Defendants imposed and received a fee in violation of 15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e).

33.     As a result of Defendants' violations of the EFTA, Defendants are liable to Plaintiff and the Class for statutory damages under 15 U.S.C. § 1693m.

34.     As a result of Defendants' violations of the EFTA, Plaintiff and the members of the Class are entitled to recover costs of suit and their reasonable attorneys' fees.

**COUNT II**
**Against All Defendants for**
**Violation of California Bus. & Prof. Code § 17200**

35.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

36.     The California Unfair Business Practices Act defines unfair competition to include any "unfair," "unlawful," or "fraudulent" business act or practice.  Cal. Bus. & Prof. Code § 17200.  The UCL provides that a Court may order injunctive relief and restitution to affected members of the general public for violations.  *Id.* § 17203.

37.     Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unlawful, unfair, and/or fraudulent business acts and practices.  If Defendants had complied with EFTA, Plaintiff would not have suffered injury in fact and would not have lost money.

38.     This cause of action is brought on behalf of Plaintiff, members of the Class, and members of the general public under California Business & Professions Code § 17200, *et seq.* Under Business & Professions Code § 17200, *et seq.*  Plaintiff is entitled to enjoin Defendants' wrongful practices and to obtain restitution for the monies paid to Defendants by reason of Defendants' unlawful, unfair, and/or deceptive acts and practices.

39.     Defendants' actions were knowingly committed and performed with such frequency as to constitute a general business practice.

40.     As a direct and proximate result of Defendants' wrongful acts and practices alleged above, members of the Class and the general public have been wrongfully charged by Defendants.  This Court is empowered to, and should, order restitution to all persons from whom Defendants unfairly and/or unlawfully took money.

41.     Defendants' unlawful, unfair, and/or fraudulent business acts and practices, as described above, present a continuing threat to members of the Class and of the general public, in that Defendants are continuing, and will continue, unless enjoined, to commit violations of California Business & Professions Code § 17200.  This Court is empowered to, and should, grant preliminary and permanent injunctive relief against such acts and practices.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Class, prays for:

A.     An order certifying the Class and appointing Plaintiff as the representative of the Class, and appointing undersigned counsel as Class Counsel;

B.     An award to Plaintiff and the members of the Class of statutory damages under 15 U.S.C. § 1693m;

C.     Payment of costs of suit herein incurred under 15 U.S.C. § 1693m(a)(3);

D.     Payment of reasonable attorney's fees pursuant to 15 U.S.C. § 1693m(a)(3);

E.      A declaration that Defendants' conduct as alleged above violates Business & Professions Code § 17200;

F.      For restitution of all monies obtained by Defendants from the members of the Class as a result of their unlawful business practices;

G.      An injunction enjoining, preliminary and permanently, the Defendants from continuing unfair, unlawful and/or fraudulent conduct alleged herein, including an injunction requiring Defendants to enact sufficient measures that will ensure Defendants comply with the EFTA notification requirements; and

H.      For other and further relief as the Court may deem proper.

**<u>JURY TRIAL DEMANDED</u>**

Plaintiff hereby demands a trial by jury.


Respectfully Submitted,

DATED:  December 19, 2012          *s/* Brett Weaver
                                   BRETT WEAVER

                                   JOHNSON & WEAVER, LLP
                                   brettw@johnsonandweaver.com
                                   110 West "A" Street, Suite 750
                                   San Diego, CA  92101
                                   Telephone: (619) 230-0063
                                   Facsimile: (619) 255-1856

                                   *Attorneys for Plaintiff*
                                   *Charles S. Hooker*

CLASS ACTION COMPLAINT